UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAE HUE YENG XIONG** | : | **DOCKET NO. 20-cv-0950** |
| **REG. # 08898-089** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALBERT THOMAS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Pae Hue Yeng Xiong, who is proceeding *pro se* and *in forma pauperis* in this matter. It has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Xiong alleges that Defendant Albert Thomas was the disciplinary hearing officer ("DHO") who presided over his December 10, 2018 disciplinary hearing at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). Rec. Doc. 1. He complains that DHO Thomas wrongfully convicted him of a disciplinary violation which resulted in the loss of good time credits and other sanctions. *Id*. at pp. 7-8.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Xiong has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens Liability*

The Civil Rights Act of 1871 created a broad right of action for damages against state officials for "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (emphasis added); *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). *Bivens* provides an analogous damages remedy for civil rights violations committed by federal actors. However, it has only been recognized by the Supreme Court for Fourth, Fifth, and Eighth Amendment violations. *Abbasi*, 137 S.Ct. at 1854–55. Accordingly, lower courts must exercise caution in determining whether *Bivens* remedies are available in contexts not yet recognized by the Supreme Court. *See Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (remanding case to

district court for consideration of whether *Bivens* provided a remedy for plaintiff's free exercise claim).

### C. Application to the Complaint

First, to the extent that Plaintiff complains about his confinement in disciplinary segregation and the temporary loss of commissary and visitation privileges, his claim is frivolous. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner*." Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin v. Conner,* 115 S. Ct. 2293, 2297 (1995)). In *Sandin*, the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. *Sandin* at 2301. In light of *Sandin*, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998).

Additionally, under the guidance of *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Accordingly, restrictions or loss of an inmate's commissary, telephone, or visitation privileges "provide no basis for a claim of the denial of constitutional rights." *Palmisano v. BOP*, 258 Fed. Appx. 646, 648 (5th Cir. 2007) (citations omitted). Plaintiff has not shown that his confinement in the special housing unit, or any other condition of confinement, was an atypical and significant hardship in relation to ordinary prison life.

Moreover, Plaintiff's claim as it relates to his loss of good time as a result of the disciplinary conviction is subject to dismissal. If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. See *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). A "conviction," for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of time credits for good conduct. *See Edwards v. Balisok,* 520 U.S. 641 (1997). Xiong seeks monetary damages as a result of his allegedly wrongful disciplinary conviction that resulted in the loss of 27 days of good conduct time, among other sanctions. An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Xiong's disciplinary conviction. his disciplinary conviction has not been reversed, expunged, or declared invalid through a petition for writ of habeas corpus. Therefore, his claim for monetary damages is barred by *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the claim for monetary damages related to the changes in Xiong's conditions of confinement be **DISMISSED WITH PREJUDICE** and claims related to loss of good time credits be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* bar in this matter has been lifted. This dismissal should result in a finding of frivolity under 28 U.S.C. § 1915(e)(2)(B) and operate as a strike against the plaintiff's ability to proceed in forma pauperis in future suits.

-5-

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of December, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE